UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff/Respondent, ) | Criminal Action No. 6: 06-15-DCR |
| ) | Civil Action No. 6: 07-326-DCR |
| V. ) | |
| ) | |
| JASON WAYNE FAIRCHILD, ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Defendant/Petitioner. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court for consideration of Defendant/Petitioner Jason Wayne Fairchild's *pro se* motion to vacate, set aside, or correct a sentence filed pursuant to 28 U.S.C. § 2255. [Record No. 84] Consistent with local practice, this matter was referred to United States Magistrate Judge Robert E. Wier for consideration pursuant to 28 U.S.C. § 636(b)(1)(B). The Magistrate Judge filed his Recommended Disposition on November 26, 2007. [Record No. 87] Based on his review of the record and the applicable law, the Magistrate Judge recommended that Fairchild's motion be denied as untimely. Neither party has filed objections to the Magistrate Judge's Report and Recommendation.

Although this Court must make a *de novo* determination of those portions of the Magistrate Judge's recommendations to which objection is made, 28 U.S.C. § 636(b)(1)(c), "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 474 U.S. 140, 150 (1985).  Moreover, a party who fails to file

objections to a Magistrate Judge's proposed findings of fact and recommendation waives the right to appeal. *See Wright v. Holbrook*, 794 F.2d 1152, 1154-55 (6th Cir. 1986). Nevertheless, having examined the record and having made a *de novo* determination, the Court is in agreement with the Magistrate Judge's Recommended Disposition.

On April 17, 2006, Fairchild entered a guilty plea to violations of 18 U.S.C. §§ 471 and 2, as well as 18 U.S.C. § 492 and 28 U.S.C. § 2641. Thereafter, on August 14, 2006, he was sentenced to 37 months of imprisonment, less 104 days for time served in state custody prior to appearing pursuant to a federal writ, and three years of supervised release. [Record No. 71] He did not pursue a direct appeal, and thus his conviction became final ten days after the judgment was entered, excluding holidays and weekends. *See Sanchez-Castellano v. United States*, 358 F.3d 424, 426 (6th Cir. 2004).

As the Magistrate Judge accurately determined in his Recommended Disposition, Fairchild's conviction became final on August 29, 2006. Therefore, he had one year, until August 29, 2007, within which to file any motion pursuant to § 2255. *See* 28 U.S.C. § 2255. However, Fairchild did not file the current motion until September 17, 2006. Upon initial review of Fairchild's motion, the Magistrate Judge directed him to address the issue of timeliness. Fairchild responded stating that he believed he had until September, 2007, to file his motion based on what his former attorney told him.

Although the time limitations under the AEDPA are subject to equitable tolling, Fairchild has failed to offer any reason to warrant an extension in this case. The Sixth Circuit has repeatedly held that "a lawyer's mistake is not a valid basis for equitable tolling." *Jurado v.*

*Burt*, 337 F.3d 638, 642 (6th Cir. 2003).  Accordingly, his petition must be dismissed as untimely.

However, out of an abundance of caution, this Court has also reviewed Fairchild's substantive challenges to his conviction, particularly his contention that the indictment was invalid for failing to specifically charge the elements of 18 U.S.C. § 2.  After reviewing the record and the relevant law *de novo*, this Court agrees with the Magistrate Judge's conclusion that the language of the indictment "fairly informed" Fairchild that the government intended to base liability on § 2 through the language "aided and abetted by one another" and through the citation to 18 U.S.C. § 2 in the caption.  [*See* Record No. 87, p.4-5 (citing *Hamling v. United States*, 94 S.Ct. 2887, 2907 (1974) ("[A]n indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense.")).]

Therefore, because Fairchild's petition is both untimely and frivolous, the Court will deny the motion on initial consideration pursuant to Rule 4(b) of the Federal Rules Governing Section 2255 Proceedings.  Further, because the claims asserted in Fairchild's motion pursuant to § 2255 are clearly without merit, he has failed to demonstrate a substantial factual conflict warranting an evidentiary hearing or a substantial showing of the denial of a constitutional right entitling him to a Certificate of Appealability.  Accordingly, it is hereby

**ORDERED** as follows:

     1.     The Magistrate Judge's Recommended Disposition [Record No. 87] is **ADOPTED** and **INCORPORATED** by reference.

     2.     Fairchild's motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255 [Record No. 84] is **DENIED**.

     4.     A Certificate of Appealability shall not issue because Fairchild has not made a substantial showing of the denial of any substantive constitutional right;

     5.     This habeas proceeding shall be **DISMISSED** and **STRICKEN** from the docket.

This 21st day of December, 2007.

Signed By:
*Danny C. Reeves* DCR
United States District Judge